## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LINDA A. CHUPPA,**                                  CASE NO. 1:22 CV 887

      Petitioner,

      v.                                                   JUDGE JAMES R. KNEPP II

**WILLIAM R. NIEMI, SHERIFF,**

      Respondent.                                  **MEMORANDUM OPINION
AND ORDER**


### INTRODUCTION

*Pro se* petitioner Linda A. Chuppa is presently incarcerated at the Ashtabula County Jail. On May 23, 2022, Petitioner filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) concerning her December 2021 conviction in the Ashtabula County Court of Common Pleas for aggravated possession of drugs (Case No. 2020 CR 00473). The docket demonstrates that Chuppa appealed her conviction to the Eleventh District Court of Appeals on May 19, 2022, and that appeal is still pending (Case No. 2022 CA 00044). According to the petition, Chuppa desires release from jail "so that [she] can get proper counsel to prove [her] innocence for the appeal" and seeks "relief from these charges on [her] record." (Doc. 1, at 7).

### STANDARD OF REVIEW

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen*

*v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

DISCUSSION

Although Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, she is challenging a state court conviction, and her petition must therefore meet the requirements and standards of 28 U.S.C. § 2254. It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). The Sixth Circuit has noted that "numerous federal decisions . . . support the view that *all* Petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (emphasis in original); *see also Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006). Therefore, regardless of the statutory label Petitioner placed on her habeas petition, the petition is governed by 28 U.S.C. § 2254. *See Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002).

A federal district court may entertain a habeas petition filed by a person in state custody only on the ground that she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). But before a federal court will review the merits of a Petition

for a Writ of Habeas Corpus, a state prisoner must exhaust state remedies. *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509 (1982)).

"The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Id.* (citing, *inter alia*, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-03 (1984)). Exhaustion requires "fair presentation" of the federal claim "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734-35 (6th Cir.2011) (brackets omitted); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present a federal claim, a state prisoner must present the state courts with "both the *legal* and factual basis" for the claim. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (emphasis in original); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). The petitioner bears the burden of establishing that she has properly and fully exhausted available state court remedies with respect to her habeas claims for relief. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, Petitioner indicates she seeks release from jail to "prove [her] innocence" on appeal. (Doc. 1, at 7). And the Court's review of the appellate court docket reveals Petitioner's appeal remains pending. Because the appeal is pending, and Petitioner has not presented her claims to the Ohio Supreme Court, she has not yet provided the state courts a fair opportunity to consider the merits of the claims she has presented in this petition. She has therefore not properly exhausted her state court remedies, and the petition must be dismissed.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that the petition—construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254—is DENIED and this action is DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

  s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE